UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cause No.:3:14-cv-2011-RLM |
| | ) | (Arising from 3:11-cr-0056-RLM) |
| SHAUN BROOKS, JR. | ) | |

OPINION AND ORDER

A jury found defendant Shaun Brooks, Jr. guilty of one count of possessing a 9mm firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 1); one count of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (Count 3); and one count of possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Count 4).[1] He was sentenced to an aggregate term of 210 months' imprisonment.

The court of appeals affirmed Mr. Brooks's conviction but remanded for resentencing. United States v. Brooks, 513 Fed. Appx. 612 (7th Cir. 2013). The court of appeals held that it was error to enter judgment on both of the counts charging simple unlawful possession of a firearm because "[c]onvictions under § 922(g) must be based on discrete incidents of gun possession, not membership in multiple groups disqualified from possession." Id. at 615. Mr. Brooks was resentenced to a term of 60 months on Count 1 and 120 months on Count 3 (for

---

[1] Mr. Brooks was acquitted on one count of possessing a .40–caliber firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2).

an aggregate sentence of 180 months' imprisonment), to be followed by a three-year supervised release term.

Mr. Brooks filed a timely petition under 28 U.S.C. § 2255 asking that his sentence be vacated, set aside, or corrected. His petition claims that his counsel provided constitutionally ineffective assistance at trial by: (1) failing to move for severance of the charges; (2) failing to object to a government witness's testimony regarding the facts related to Mr. Brooks's prior felony conviction; and (3) failing to call Mr. Brooks and three other witnesses suggested by Mr. Brooks. None of these claims satisfies the high bar for showing a constitutional violation based on ineffective assistance of counsel, so Mr. Brooks's motion must be denied.

I. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, that the court had no jurisdiction to impose such sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Issues not argued and decided on direct appeal generally can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). A claim of ineffective assistance of counsel not raised on direct appeal can still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255 (2012). After reviewing Mr. Brooks's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

## II. Discussion

To succeed on his ineffective assistance of counsel claim, Mr. Brooks must show that (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015). Mr. Brooks must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Brooks] of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. at 687; *see also* Kimmelman v. Morrison, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.").

A strong presumption exists that counsel performed effectively. *See* Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an

3

attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Vinyard v. United States, 804 F.3d at 1225 (quoting Strickland, 466 U.S. at 687). The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. at 381.

"Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland, 466 U.S. at 694). "In weighing the effect of counsel's errors, the court must consider the totality of the evidence. . . A verdict or conclusion that is overwhelmingly supported by the record is less likely to have been affected by errors than one that is only weakly supported by the record." Eckstein v. Kingston, 460 F.3d at 848 (quoting Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)).

### A. Failure to Move for Severance

Mr. Brooks first claims that his counsel was unconstitutionally deficient for not moving to sever Count 1 (the possession of a firearm in furtherance of a drug trafficking crime count) from the other counts in the indictment. Count 1

4

of the superseding indictment charged Mr. Brooks with conduct that occurred in the summer of 2009, while Counts 3 and 4 charged him with conduct that occurred "in or around 2009-May 2010." Mr. Brooks says the only evidence presented at trial as to Count 1 – his confession – concerned only the summer of 2009, while the witnesses' testimony as to Counts 3 and 4 concerned events in the fall of 2009 through May 2010. He argues that the Count 1 conduct thus took place before and separately from the conduct underlying the other counts, and this disconnect made joinder of the counts improper. Mr. Brooks relies on United States v. Blanchard, 542 F.3d 1133 (7th Cir. 2008), which noted that while joinder of drug and firearm offenses is presumed proper, "that presumption might be overcome by, for example, a significant temporal disconnect between the alleged offenses." Id. at 1141.

The court needn't reach the question of whether counsel's performance was deficient in failing to move for severance, because even if such a motion would have succeeded Mr. Brooks can show no prejudice from the failure. To succeed on his claim, Mr. Brooks must show that "had his counsel successfully moved for severance, there was a reasonable probability that he would have been acquitted." United States v. Berg, 714 F.3d 490, 497 (7th Cir. 2013). Because there was substantial evidence against Mr. Brooks on all the counts, acquittal wasn't reasonably probable had the counts been severed and Mr. Brooks's claim that his counsel was unconstitutionally deficient for failing to move for severance is unpersuasive.

First, there was ample evidence to support a jury finding Mr. Brooks guilty of being a felon in possession of a firearm independent of the evidence offered to prove possession of a firearm in furtherance of a drug trafficking crime. Mr. Brooks confessed to a federal agent that he owned the two firearms police recovered from Danielle Hughes's apartment, and on appeal the court of appeals noted that "substantial independent evidence demonstrates the trustworthiness of [Mr.] Brooks's confession." United States v. Brooks, 513 F. App'x 612, 615 (7th Cir. 2013). For example, Danielle Hughes testified that Mr. Brooks kept a firearm under the seat of the car while they were driving together. Danielle Hughes and her sister, Ashley Hughes, both testified that Mr. Brooks owned the two safes recovered from Danielle Hughes's apartment in which the police found firearms. Mr. Brooks agreed to stipulate that he had a felony conviction punishable by more than one year in prison and that both firearms traveled in interstate commerce. Even if Mr. Brooks's counsel had successfully moved for severance, nothing in this record would allow a finding that severance would have changed the outcome. A jury would be unlikely to acquit Mr. Brooks of being a felon in possession due to the substantial evidence against him – including his own admissions or stipulations to *all* the elements of the offense.

Insofar as Mr. Brooks attempts to argue the inverse – that spillover from the felon in possession counts prejudiced his ability to have a fair trial on the possession in furtherance of drug trafficking count –the claim has no merit. Again, the government presented enough evidence at trial to support the jury's

guilty verdict on the charge of possession of a firearm in furtherance of a drug trafficking crime independent of the evidence offered for the felon in possession counts. Mr. Brooks confessed to a federal agent that he exchanged marijuana for a firearm, which constitutes possession of a firearm in furtherance of a drug trafficking crime. *See* United States v. Doody, 600 F.3d 752, 755 (7th Cir. 2010) (holding that exchanging drugs for a firearm is possession of a firearm in furtherance of a drug trafficking crime). Additional evidence at trial corroborated Mr. Brooks's confession and also provided an alternate basis for Count 1, by showing: Mr. Brooks's possession of the handguns; testimony about Mr. Brooks's drug use by Danielle Hughes, Ashley Hughes, and Richard Rickard; and testimony about Mr. Brooks's driving house-to-house at night while in possession of cash and a firearm, allowing the jury to infer drug trafficking activity. *See* id. Even if Mr. Brooks's counsel had successfully moved for severance, the remaining evidence against Mr. Brooks as to Count 1 was strong, so Mr. Brooks hasn't demonstrated a reasonable probability that a jury would have acquitted him.

Because there was substantial evidence against Mr. Brooks as to each count separately, he can't show that there is a reasonable probability that he would have been acquitted had his counsel successfully moved for severance. Because any deficient performance by his attorney in not moving for severance didn't prejudice him, he can't meet Strickland's standard for entitlement to relief on an ineffective assistance of counsel claim.

7

B.  Failure to Object to Testimony on Mr. Brooks's Felony Conviction

Mr. Brooks next claims that his counsel was unconstitutionally deficient for failing to object to testimony relating to Mr. Brooks's prior felony conviction, which was the subject of a pre-trial stipulation. Mr. Brooks stipulated that he has been convicted of a felony punishable by more than one year in prison in order to avoid the government introducing evidence of his past conviction to prove an element of the charges. *See* Old Chief v. United States, 519 U.S. 172, 191 (1997) (holding that admitting evidence of the name and nature of a defendant's prior conviction is unfairly prejudicial, where the defendant stipulates to the fact of conviction). At trial the government questioned Danielle Hughes about an incident in which police found twenty-five ounces of cocaine in her car after Mr. Brooks travelled in it. Mr. Brooks argues that because he was convicted for that cocaine trafficking, the government improperly introduced evidence of the name and nature of his prior felony conviction after he had stipulated to fact of conviction. He believes his counsel should have objected to the testimony and moved for a mistrial because introducing evidence of past drug trafficking prejudiced him in the eyes of the jury.

The government insists that the testimony as to Mr. Brooks's past presence in a car in which cocaine was found did not tell the jury the name and nature of his prior conviction in violation of Old Chief. Rather, the testimony was offered only to establish Mr. Brooks's history of participation in the drug trade.

8

This evidence was relevant for reasons other than establishing Mr. Brooks's status as a felon, the government argues, because Ms. Hughes's testimony corroborates Mr. Brooks's confession that he traded drugs for guns to get back in the "dope game" and because Mr. Brooks's employment as a drug trafficker provided his motive for acquiring the guns.

The government is correct. The holding of <u>Old Chief</u> is far narrower than Mr. Brooks understands it to be. In <u>Old Chief</u>, the prosecution, to prove that Mr. Old Chief had a prior felony conviction that made him ineligible to possess a firearm, introduced the judgment of conviction into evidence after declining the defendant's offer to stipulate that he had a prior felony conviction. The judgment of conviction showed that the earlier conviction was for assault causing serious bodily injury – a charge that might resonate with a jury trying a defendant charged with armed assault as well as illegal possession of a firearm. *Compare* Fed. R. Evid. 404(b). 517 U.S. at 174-177. The Court held that – as long as the defendant offers to stipulate to the fact of a prior felony conviction – further evidence of the nature of the conviction has minimal probative value when offered to prove the fact of the prior conviction, and the risk of unfair prejudice (as, for example, an inference that Mr. Old Chief got into a fight before and so is more likely to have gotten into the fight he's charged with) substantially outweighs that minimal probative value. 517 U.S. at 180-186; Fed. R. Evid. 403. <u>Old Chief</u>, then, stands for the proposition that when (a) the fact of the prior conviction is an element the government must prove and (b) the defendant

9

stipulates to the fact of the prior conviction, further proof of the prior conviction isn't admissible.

The government didn't present evidence of Mr. Brooks's former conviction; the relevancy of the proof of Mr. Brooks's apparent possession of twenty-five ounces of cocaine lay in its tendency to prove that Mr. Brooks was back in the drug game. Mr. Brooks's stipulation to the fact of his prior felony conviction couldn't serve to remove the government's right to use otherwise admissible evidence to prove the he was back in the drug game.

Even if his understanding of Old Chief were correct, Mr. Brooks couldn't succeed on this claim because he can't show prejudice. Mr. Brooks can't demonstrate a reasonable probability that the result of his trial would have been different. Mr. Brooks confessed to the charged crimes in his statements to a federal agent. He confessed to possessing a firearm, to exchanging marijuana for a firearm, and to being a convicted felon – thereby establishing the only factual predicates necessary to support his convictions. As the court of appeals concluded, "substantial independent evidence demonstrates the trustworthiness of [Mr.] Brooks's confession" regardless of Danielle Hughes's statements regarding the twenty-five ounces of cocaine. United States v. Brooks, 513 F. App'x at 615. The court of appeals didn't even discuss the cocaine testimony when listing the reasons Mr. Brooks's confession was corroborated, and a reasonable jury could have similarly found the cocaine testimony of extremely minor significance. Mr. Brooks's confession – coupled as it was with

corroborating evidence of his possession of firearms, his drug use, and his having frequently driven house-to-house at night while in possession of a handgun and carrying case – was sufficient to establish his guilt of all the charged offenses.

Because Mr. Brooks can't demonstrate that he was prejudiced, he can't succeed on his ineffective assistance of counsel claim based on counsel's failure to object to testimony about his felony conviction.

### C. Failure to Call Witnesses

Finally, Mr. Brooks claims that his counsel was unconstitutionally deficient for not calling as witnesses Mr. Brooks himself and three others that Mr. Brooks suggested. Mr. Brooks argues that he told counsel that he, Amberly Brown, Glenda Brickey, and Nick Askins could all testify that Mr. Brooks purchased the Intratec 9mm firearm for $300 cash, rather than exchanging a half of a pound of marijuana for the weapon as he told a federal agent. Mr. Brooks claims that counsel convinced him that calling those witnesses was unnecessary because counsel could get the possession in furtherance of a drug trafficking crime count dismissed based on a lack of evidence corroborating his confession. Mr. Brooks argues that the failure to call the witnesses was deficient and prejudiced him by leaving his confession essentially unrebutted.

"[A] lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review. The Constitution does not oblige counsel to present each and every witness that is suggested to him." United States v. Best, 426 F.3d 937, 945 (7th Cir. 2005) (quoting United States v. Williams, 106 F.3d

1362, 1367 (7th Cir.1997)). Mr. Brooks must, therefore, make a strong showing that the proposed witnesses would have been important to his defense and that he was prejudiced when his counsel decided not to call them. Mr. Brooks can't meet that high bar with regard to any of his four proposed witnesses.

Mr. Brooks claims that his counsel should have called Amberly Brown and Glenda Brickey to testify that he bought the Intratec 9mm firearm with money and not marijuana. Mr. Brooks presents an affidavit from Ms. Brown in which she says she was Mr. Brooks's girlfriend and saw him exchange $300.00 for the handgun. Mr. Brooks also presents an affidavit from Ms. Brickey, in which she says she was also in a relationship with Mr. Brooks and overheard an argument between Mr. Brooks and Ms. Brown about the purchase of the firearm and was later told about the purchase, including the $300.00 price paid.

Mr. Brooks seriously overstates the value of these witnesses. Both Ms. Brown and Ms. Brickey were in relationships with Mr. Brooks according to their affidavits, leaving them open to impeachment for bias. Moreover, at least some of the proffered testimony was likely inadmissible hearsay. Ms. Brickey's proposed testimony that she overheard an argument about the gun and was told the purchase price, for example, would appear to offer an out-of-court declarant's statement for its truth and thus run afoul of the hearsay rules.

Most importantly, Mr. Brooks fails to show prejudice; he hasn't suggested why a jury would be swayed by the testimony of Ms. Brown and/or Ms. Brickey over the other evidence presented at trial. When considering an ineffective

assistance of counsel claim, a court considers the entirety of the record because a verdict that is "overwhelmingly supported by the record is less likely to have been affected by errors than one that is only weakly supported by the record." Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)). The evidence against Mr. Brooks was significant. Mr. Brooks's confession to a federal agent that he acquired the Intratec 9mm firearm in exchange for marijuana, combined with corroborating testimony from Danielle Hughes, Ashley Hughes, and Mr. Rickard, was substantial evidence of guilt. Mr. Brooks hasn't shown that a jury would have believed the testimony of two former girlfriends over his own confession to a federal agent. Someone interrogated by the police would be unlikely to lie about having traded drugs for a gun rather than truthfully stating that he bought it with cash; when one has only violated gun laws, falsely confessing to a violation of gun *and* drug laws is probably not the optimal defense. Given the substantial evidence against him, Mr. Brooks can't demonstrate a reasonable probability that the testimony of Ms. Brown and Ms. Brickey would have altered the outcome of his trial.

Mr. Brooks also faults his counsel for not calling him (Mr. Brooks) to testify on his own behalf. He argues that it's likely he would have been found not guilty if he had been able to testify because he could have explained that he lied when he told a federal agent that he exchanged marijuana for the Intratec 9mm handgun. Mr. Brooks argues that his record of lying to law enforcement

13

(including a conviction for providing false information to authorities) would have allowed the jury to believe that he would lie to a federal agent at an interrogation but would tell the truth at trial under oath.

Mr. Brooks's argument collapses under its own weight. Mr. Brooks's potential testimony that he lied to a federal agent and that he has a proven history of lying to law enforcement would have been devastating for his defense. The jury would have no reason to think that testimony was truthful while his prior statement was not, and by referring to his past conviction for lying to law enforcement Mr. Brooks would have opened the door to cross-examination about his extensive criminal history – including six prior felony convictions. Trial testimony could even have exposed Mr. Brooks to an obstruction of justice charge or a sentencing enhancement. *See* Taylor v. United States, 287 F.3d 658, 662 (7th Cir. 2002). Mr. Brooks's counsel made a tactical decision to advise Mr. Brooks not to testify that he lied to a federal agent when he confessed to exchanging marijuana for the Intratec 9mm handgun, and Mr. Brooks accepted that advice. Counsel's conduct fell well within the wide bounds of professional strategic judgment to which counsel is entitled under Strickland.

Finally, Mr. Brooks hasn't shown himself to be entitled to relief on his claim related to Nick Askins's testimony. "A Strickland claim based on counsel's failure to investigate a potential witness requires a specific, affirmative showing of what the missing witness's testimony would be, and this typically requires at least an affidavit from the overlooked witness." Thompkins v. Pfister, 698 F.3d

14

976, 987 (7th Cir. 2012). Mr. Brooks hasn't provided an affidavit from Mr. Askins, instead explaining that he couldn't find Mr. Askins to get an affidavit from him. Mr. Brooks also hasn't provided any specific details about Mr. Askins's potential testimony, only generally indicating that Mr. Askins would testify that the firearm was purchased rather than traded for marijuana. Because Mr. Brooks didn't secure an affidavit from Mr. Askins or even provide reasonably specific and detailed information about the substance of Mr. Askins's testimony, the court can't conclude that counsel's decision to not call Mr. Askins amounted to ineffective assistance.

### III. Conclusion

Based on the foregoing, the court DENIES Mr. Brooks's § 2255 motion to vacate his sentence. (Doc. No. 117).

SO ORDERED.

ENTERED: <u>January 28, 2016</u>

<u>　　　　/s/ Robert L. Miller, Jr.　　　　</u>
Judge
United States District Court